## SUPERIOR COURT

Helen Stanford p. a.
vs.                    No. 55967
Donato Panniello et al

### RESCRIPT

November 18, 1924

BAKER, J. Heard on defendant Panniello's motion for a new trial.

In this case the plaintiff brought action against two defendants, viz: Panniello, who was the owner of the automobile which did the injury but who was not in the automobile at the

time the accident happened, and Marra, who was operating the automobile at the time.

In regard to the accident itself, the defendants claim that the plaintiff, who was a little girl, crossed Smith street immediately in front of the automobile and that she was struck while in the middle of the street and that the automobile was being operated at a reasonable speed. They also say that the plaintiff hesitated in the street and then ran toward the sidewalk when called by some other girls. This was denied by the plaintiff.

The great weight of the testimony, however, in the judgment of the court shows clearly that the automobile in question was being operated at a speed in the neighborhood of 25 miles an hour, and that the young men in the machine, which was a small Ford truck, were either fooling and singing, or at least, not paying particular attention to what was going on. It is also clear from the evidence that the child was struck when she was very near the sidewalk, after she had crossed the street. The accident happened in the middle of the afternoon, on a clear day, on a stretch of road that was practically straight, and with no other vehicle to obscure the view.

The court is of the opinion that on the question of negligence the finding of the jury is clearly supported by the great weight of the testimony, namely, that the operator of the car was guilty of negligence and that the child was not.

The serious question in the case is as to the matter of agency. The verdict is against the owner of the automobile, who was not in the car at the time of the accident.

Testimony introduced on behalf of the plaintiff and on behalf of the defendant Marra showed that the defendant Panniello requested the defendant Marra to get the engine of his car running properly; to take it out and test it and to have the tires blown. The car was taken by Marra and was driven to a garage, where the tires were blown, and it was soon after leaving the garage that the accident in question occurred. There are also in the case certain statements made by defendant Panniello to members of the plaintiff's family in the presence of witnesses which could be construed as admissions of liability on his part.

On the other hand, the defendant Panniello claimed that he never authorized the defendant Marra to take the car; that he was not at home when the car was taken, and that the defendant Marra had taken the car without his knowledge and was operating without permission at the time of the accident. He placed on the stand certain witnesses to corroborate him.

After considering all the testimony, it appears to the court that on this clear conflict on the question of agency, a question was raised for the jury to determine and that there is in the case ample testimony to warrant the finding of the jury that Marra was acting as defendant Panniello's agent at the time the accident happened. Whether the young men in the automobile drove the car without authority to Crescent Park after the accident does not, in the mind of the court, affect the question of the authority of the driver at the time of the accident.

The defendant Panniello further contends that, even if the defendant Marra was his agent for any purpose, he exceeded the scope of his authority particularly after he had left the garage.

It seems to the court that on this question the evidence was so conflicting that it was a matter for the jury to decide. There was no testimony in the case that the defendant Marra was directed to test the car in any

particular way, or to drive on any particular street or by any particular route. The defendant Panniello claimed that because the automobile was being driven after leaving the garage in a direction toward the city and more or less away from his home, that this showed conclusively that at that time the defendant Marra was without the scope of his authority. In view of all the testimony in the case, however, the court does not believe that this is determinative but was a question for the jury to consider, as they doubtless did, in passing upon the question of agency. If the jury believed that the defendant Panniello authorized the defendant Marra to test the car, as they must have, then, in the opinion of the court, the scope of his authority was quite broad.

Taking all the testimony in the case on this question into consideration and the evidence of the statements made by the defendant Panniello, in the judgment of the court, the testimony is ample to support the finding of the jury that at the time of the accident the defendant Marra was acting as agent for the defendant Panniello.

In regard to the matter of damages, the testimony showed that the injury to the plaintiff's leg was severe. The amount returned by the jury was very moderate and the testimony probably would sustain a larger amount.

Defendant Panniello's motion for a new trial is denied.

For Plaintiff: Daniel A. Geary.

For Defendants: Bennie Cianciarulo and Edwards & Angell.